IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> v. <br><br> MARK A. NAGY, CHERYL D. NAGY, <br> VILAS COUNTY, WISCONSIN, <br> POTRYKUS FAMILY DENTISTRY LLC, <br> HOLIDAY WHOLESALE, INC., and <br> WISCONSIN DEPARTMENT OF REVENUE <br><br> Defendants. | Case No. 3:22-cv-00185-JDP |

## ORDER OF SALE

The Court entered partial final judgment under Rule 54(b) in this action on November 16, 2023 (Order, ECF No. 26, and Amended Partial Judgment, ECF No. 27), in favor of the United States and against Defendants Mark A. Nagy and Cheryl D. Nagy (the "Nagy Defendants") for unpaid joint federal income tax liabilities for tax years 2009, 2010, 2011, 2012, 2013, 2014, 2015, and 2016, in the amount of $50,489.36, plus interest and other statutory additions accruing after April 27, 2023 ("Count I"). The Court entered final judgment on the remaining count ("Count II") in this action on April 9, 2024 (Order, ECF No. 53, and Final Judgment of Lienholder Priority, ECF No. 54), in favor of the United States and against all Defendants, and ordered that the real property located at 5324 Highway 70 West, Eagle River, Wisconsin 54521, and 5290 Highway 70 West, Eagle River, Wisconsin, 54521 (the "Eagle River Properties") be sold and the net proceeds distributed according to the order of lienholder priority laid out in the stipulation between the United States, Vilas County Wisconsin, Potrykus Family Dentistry LLC, and the Wisconsin

Department of Revenue at ECF No. 42. The legal description of the Eagle River Properties is as follows:

> All that part of the NW 1/4 of SE 1/4 on the South side of Mud Creek in Section 31, Township 40 North, Range 10 East, Lincoln Township, Vilas County, Wisconsin lying North of the highway.
>
> **AND**
>
> **G8-3 and G8-7**
>
> All that part of Government Lot 8, in Section 31 Township 40 North, Range 10 East, Lincoln Township, Vilas County, Wisconsin, described as follows, to-wit:
>
> Commencing at a point on the South side of Mud Creek, so-called, which runs through said Government Lot 8 equidistant between the East and West boundary lines of said Government Lot 8; thence South on a line equidistant between the East and West boundary lines of said Lot to the South boundary of said Lot; thence East along the South boundary of said Lot to the Southeast corner thereof; thence North along the North and South Quarter line of said Section 31 to the South side or shore line of said Mud Creek, thence in a Westerly course along the South shore line of said Mud Creek to the **PLACE OF BEGINNING.**
>
> Excepting therefrom that parcel of land recorded in Vol. 85 Records page 37 and in Vol. 88 Records page 354.
>
> **AND**
>
> **12-3**
>
> That part of the E 1/2 of the SE 1/4 of the SW 1/4 of Section 31, Township 40 North, Range 10 East, lying and being situated North of the State and County Highway, number Seventy as now located, Lincoln Township, Vilas county, Wisconsin.

The Court now ORDERS that the Eagle River Properties be sold pursuant to 26 U.S.C. §7403(c).

Accordingly, it is hereby ORDERED as follows:

1. The Internal Revenue Service Property Appraisal and Liquidation Specialists ("PALS") is authorized to offer for public sale and to sell the Eagle River Properties.

2. **Terms and Conditions:** The terms and conditions of the sale are as follows:

    a. The sale of the Eagle River Properties shall be free and clear of all rights, titles, claims, liens and interests of all parties to this action, including the United States, Mark A. Nagy, Cheryl D. Nagy, Vilas County Wisconsin, Potrykus Family Dentistry LLC, Holiday Wholesale Inc., and

the Wisconsin Department of Revenue, and any successors in interest or transferees of those parties;

b. The sale of the Eagle River Properties shall be subject to building lines, if established, all laws, ordinances, and governmental regulations (including building and zoning ordinances) affecting the Eagle River Properties, and easements and restrictions of record, if any;

*Sale location*

c. The sale of the Eagle River Properties shall be held either on the Eagle River Properties' premises or at the courthouse of Vilas County;

*Notice of Sale*

d. The PALS shall announce the date and time for the sale;

e. Notice of the sale shall be published once a week for at least four consecutive weeks before the sale in at least one newspaper regularly issued and of general circulation in Vilas County, and by any other notice PALS deems appropriate. The notice shall contain an adequate description of the Eagle River Properties, but need not contain the full legal description, and shall contain the terms and conditions of sale set forth in this Order of Sale;

*Minimum Bid*

f. The PALS shall set, and may adjust, the minimum bid. If the minimum bid is not met or exceeded, the PALS may, without further permission of this Court, and under the terms and conditions of this Order of Sale, hold a new public sale, and may reduce the minimum bid;

*Payment of Deposit and Balance*

g. At the time of the sale, the successful bidder(s) shall deposit with the PALS, by money order or by certified or cashier's check payable to the "United States District Court for the Western District of Wisconsin," a deposit in an amount between five (5) and twenty (20) percent of the

minimum bid, as specified by the PALS in the published notice of sale. Before being permitted to bid at the sale, potential bidders shall show the PALS proof that they are able to comply with this requirement. No bids will be accepted from any person(s) who have not presented proof that, if they are the successful bidder(s), they can make the deposit required by this Order of Sale;

h. The successful bidder(s) shall pay the balance of the purchase price for the Eagle River Properties within forty-five (45) days following the date of the sale. The certified or cashier's check payable to the United States District Court for the Western District of Wisconsin shall be given to PALS who will deposit the funds with the Clerk of this Court. If the bidder fails to fulfill this requirement, the deposit shall be forfeited and shall be applied to cover the expenses of the sale, with any amount remaining to be applied to the liabilities of the Nagy Defendants at issue herein. The Eagle River Properties shall be again offered for sale under the terms and conditions of this Order of Sale or, in the alternative, sold to the second highest bidder, at the sole discretion of the United States;

i. The Clerk of the District Court is directed to accept the deposit and sale proceeds and deposit them into the Court's registry for distribution pursuant to further order of this Court;

***Confirmation of Sale***

j. The sale of the Eagle River Properties shall be subject to confirmation by this Court. On confirmation of the sale, ownership and possession of the Eagle River Properties shall transfer to the successful bidder(s), and all interests in, liens against, and titles and claims to, the Eagle River Properties that are held or asserted by the parties to this action are discharged and extinguished;

k. After the confirmation of the sale, the IRS shall execute and deliver a deed under the authority of this Court conveying the Eagle River Properties, effective as of the date of the

confirmation of the sale, to the successful bidder(s). The successful bidder(s) is responsible for recording the deed and paying any documentary stamps and registry fees as provided by law;

l. All rights to rents of or from the Eagle River Properties arising after the final judgment in this action and before the confirmation of the sale of the Eagle River Properties shall constitute proceeds of the Eagle River Properties and such rents shall be turned over to, and paid to, the PALS for deposit and distribution in the same manner as the proceeds of the sale of the Eagle River Properties. On confirmation of the sale of the Eagle River Properties, all rights to product, offspring, rents, and profits of or from the Eagle River Properties arising thereafter shall transfer to the successful bidder(s) and all risks of losses associated with the Eagle River Properties shall transfer to the successful bidder(s); and

*Redemption*

m. The sale of the Eagle River Properties is ordered pursuant to 26 U.S.C. § 7403(c) and is made without right of redemption.

3. **Preservation of the Eagle River Properties**: Until the Eagle River Properties are sold, the Nagy Defendants shall take all reasonable steps necessary to preserve the Eagle River Properties (including all buildings, improvements, fixtures, and appurtenances on each property) in its current condition including, without limitation, maintaining a fire and casualty insurance policy on the Eagle River Properties. The Nagy Defendants shall neither commit waste against the Eagle River Properties, nor cause or permit anyone else to do so. The Nagy Defendants shall neither do anything that tends to reduce the value or marketability of the Eagle River Properties nor cause or permit anyone else to do so. The Nagy Defendants shall not record any instrument, publish any notice, or take any other action (such as running newspaper advertisements, posting signs, or making internet postings) that may directly or indirectly tend to adversely affect the value

of the Eagle River Properties or that may tend to deter or discourage potential bidders from participating in the public auction, nor shall the Nagy Defendants cause or permit anyone else to do so. Violation of this paragraph shall be deemed contempt and shall be punishable as such.

4. **Vacating the Eagle River Properties:** All persons and businesses occupying the Eagle River Properties shall vacate the Eagle River Properties permanently within thirty (30) days of the date of this Order of Sale, each taking with them his or her personal property (but leaving all improvements, buildings, fixtures, and appurtenances to the Eagle River Properties). .

If any person or business fails or refuses to vacate the Eagle River Properties by the date specified in this Order of Sale, or as extended by the United States, the United States, including the PALS and/or the U.S. Marshals Service, is authorized to take all actions that are reasonably necessary to have those persons or businesses ejected or excluded. The United States Marshals Service is authorized and directed to take any and all necessary actions, including but not limited to the use of reasonable force, to enter and remain on the premises, which includes, but is not limited to, the land, buildings, vehicles, and any other structures located thereon, for the purpose of executing this Order of Sale. The United States Marshals Service is further authorized and directed to arrest or evict (and, if necessary, re-evict), from the premises any persons who obstruct, attempt to obstruct, or interfere or attempt to interfere, in any way with this Order of Sale.

5. **Abandoned Personal Property:** Any personal property remaining on the Eagle River Properties thirty (30) days after the date of this Order of Sale is deemed forfeited and abandoned, and the PALS is authorized to dispose of it in any manner they see fit, including sale, in which case the proceeds of the sale are to be applied first to the expenses of sale and the balance to the parties as directed by the Court. Checks for the purchase of personal property shall be made out to the "Clerk of District Court for the Western District of Wisconsin," and the Clerk is directed to

accept these checks and deposit them into the Court's registry for distribution pursuant to further order of this Court.

6. **PALS' Access to the Eagle River Properties:** Once the occupants vacate the Eagle River Properties or 30 days from the date of this Order, whichever comes first, through confirmation of sale, the IRS, PALS and any other representative of the United States are authorized to have free and full access to the premises in order to take any and all actions necessary to preserve the Eagle River Properties, including, but not limited to, retaining a locksmith or other person to change or install locks or other security devices on any part of the Eagle River Properties.

7. **Forwarding Address:** No later than two (2) business days after vacating the Eagle River Properties, pursuant to the deadline set forth in paragraph (4) above, the Nagy Defendants or an agent thereof shall notify counsel for the United States in writing of a forwarding address where the Nagy Defendants can be reached.

8. **Distribution of Sale Proceeds:** After the Court confirms the sale of the Eagle River Properties, the sale proceeds deposited with the Clerk of this Court shall be distributed to pay the liabilities as set forth in the Judgment entered on April 9, 2024. The United States shall provide the Court with a proposed order of distribution at that time.

**SO ORDERED, ADJUDGED, AND DECREED.**

Signed this __17TH__ day of __MAY__, 20__24__.

_____
The Honorable James D. Peterson
Chief United States District Judge